[No. 2233]

CLAUS P. JENSEN, PETITIONER, v. THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF ESMERALDA, AND HON. J. EMMETT WALSH, JUDGE OF SAID COURT.

[161 Pac. 162]

1. CRIMINAL LAW—CONVICTION—NOTICE OF APPEAL—SUFFICIENCY—STATUTE.

Rev. Laws, 7513, provides that, on appeal from a conviction before a justice, appellant shall file with the justice and serve upon the district attorney a notice, setting forth the character of the judgment and his intention to appeal therefrom. A notice of appeal was addressed to the district attorney and to an acting justice of the peace, stating that defendant intended to appeal, and did thereby appeal, from a conviction in the justice court of receiving and buying personal property from an intoxicated person, and from the judgment and sentence of the justice court imposing a fine, and in the alternative an imprisonment, upon questions of both law and fact. *Held*, that the notice of appeal was sufficient.

ORIGINAL PROCEEDING in *mandamus* by Claus P. Jensen against the District Court of the Seventh Judicial District of the State of Nevada, in and for the County of Esmeralda, and Hon. J. Emmett Walsh, Judge of said court. **Writ issued.**

*Adams F. Brown,* for Petitioner:

*Mandamus* will issue to compel a judge to act with relation to proceedings had before his predecessor, but not to proceed in a particular way. A court may be compelled to correct an error as to its jurisdiction, although composed of different members than at the time the error was committed. (26 Cyc. 198, 199.) *Mandamus* lies in criminal as well as in civil proceedings, where there is a clear legal right to be enforced, as well as a clear duty,

and where there is no other remedy. (26 Cyc. 218; 33 Cent. Dig. 122.) Every material fact that should be set forth in the petition was plainly and fully set forth. If a *prima facie* case is shown, the pleading is sufficient. (26 Cyc. 432, 433; Rev. Laws, c. 73.)

The notice of appeal was sufficient. (Rev. Laws, 7513.) The method of taking appeals and the questions to be considered thereunder by the appellate court are matters of purely statutory regulation. (*Burbank* v. *Rivers,* 20 Nev. 81.) Notices of appeal are to be liberally construed, and they will be held sufficient if, by fair construction or reasonable intendment, the court can say that the appeal is taken from a judgment or an order in a particular case. (*Bliss* v. *Grayson,* 24 Nev. 422.) All the statutory requirements of an appeal from a justice court to the district court in a criminal case were complied with, and the additional requirement that notices of appeal from the district court to the supreme court must state that the party appealing does so appeal. (*Simpson* v. *Ogg,* 18 Nev. 29; *State* v. *Preston,* 30 Nev. 303.)

*M. A. Diskin,* District Attorney, for Respondent:

The notice of appeal was not sufficient. It was fatally defective for uncertainty, not sufficiently describing or identifying the judgment or judgments from which it was intended to appeal. The judgment or order appealed from should be sufficiently described in the notice of appeal so as to leave no doubt as to its identity. If it fails to do so, it is fatally defective. (*State* v. *Preston,* 30 Nev. 301; 2 Cyc. 866; *Oliver* v. *Harvey,* 5 Ore. 361; *Chipman* v. *Bronson,* 3 Ore. 320; *Beck* v. *Thompson,* 22 Nev. 368; *Crawford* v. *Wist,* 39 Pac. 218.)

By the Court, NORCROSS, C. J.:

This is an original proceeding in *mandamus.* Upon a trial before the justice of the peace of Goldfield township, petitioner, on the 11th day of March, was convicted upon a misdemeanor charge, and ordered to appear for

sentence on the 13th day of March following.   On the day
appointed, sentence was imposed to the effect that peti-
tioner be fined in the sum of $100, and that he pay the
costs accrued.   On the 15th day of March following,
petitioner filed and served a notice of appeal in words
and figures following:

"In the Justice's Court of Goldfield Township, in the
county of Esmeralda and State of Nevada.   State of
Nevada, Plaintiff, v. Claus P. Jensen, Defendant.   Notice
of Appeal.   To the State of Nevada, Plaintiff Above
Named, and to Its Attorney, M. A. Diskin, District Attor-
ney of Said Esmeralda County, and to Alfred French,
Acting Justice of the Peace of Goldfield Township Afore-
said, in the County of Esmeralda and State of Nevada:
You and each of you will please take notice that Claus P.
Jensen, the defendant in the above-entitled action, intends
to appeal, and that he does hereby appeal, to the district
court of the Seventh judicial district of the State of
Nevada, in and for the county of Esmeralda, from the
judgment of said justice's court made on the eleventh
day of March A. D. 1916, finding this defendant guilty of
the offense of receiving and buying certain personal
property from persons who were in an intoxicated condi-
tion, and from the judgment and sentence of said court
passed upon this defendant on the thirteenth day of
March, A. D. 1916, under which it was ordered, adjudged,·
and decreed by the court that for said offense the defen-
dant be fined in the sum of one hundred dollars and all
costs, and if any part of said fine and costs be not forth-
with paid, then he be imprisoned in the county jail of
Esmeralda County, State of Nevada, one day for each
two ($2.00) dollars of the fine not paid.   .

"This appeal is taken on questions of both law and
fact.

"Dated at Goldfield, Nevada, this fifteenth day of
March, A. D. 1916.

"Adams F. Brown, Attorney for Defendant."

Upon motion of the district attorney, the appeal was

dismissed for want of jurisdiction to entertain the appeal. This proceeding is to compel the respondent court to reinstate the appeal and try the case. It was the contention of counsel for respondent in the court below, and now in this court, that the appeal was not duly perfected because of alleged defects in the notice and undertaking. As the sufficiency of the undertaking only goes to the question of the right of the petitioner to be released from custody or to a stay of proceedings under the judgment pending the appeal (Rev. Laws, 7513), we are of the opinion that it is unnecessary to refer to that document. The jurisdiction of the district court to entertain the appeal is governed by the filing and service of the notice of appeal. By Rev. Laws, 7516, it is provided that:

"An appeal duly perfected * * * may be dismissed on either of the following grounds:

"1. For failure to take the same in time.

"2. For failure to appear in the district court when required."

The dismissal was not based on either of these grounds, but presumably upon the ground that the appeal was not duly perfected. Assuming that this is a proper matter of inquiry, we turn to the provision of the statute (section 7513, *supra*), which reads:

"The party intending to appeal must file with the justice, and serve upon the district attorney a notice entitled in the action, setting forth the character of the judgment, and the intention of the party to appeal therefrom to the district court."

The notice of appeal in question is entitled in the action; sets forth the character of the judgment and the intention to appeal therefrom to the district court; was filed with the justice and served on the district attorney. This is all that is required. Counsel for respondent indulges in the supertechnical contention that the notice refers to two judgments, and does not describe any offense known to the law. The fact that the offense is not described in the notice with the fullness requisite in a criminal complaint is immaterial. The purpose of

the notice is merely to acquaint the justice, the district attorney, and the district court that an appeal is taken.

"The justice must, within ten days after the notice of appeal is filed, transmit to the clerk of the district court all papers relating to the case and a certified copy of his docket." (Rev. Laws, 7514.)

If the notice is not as lucid as it might be, a reference to the complaint and to the justice's docket is all that is necessary to make the whole matter clear.

The writ will issue as prayed for.